### 17390. HENNON *v.* STATE OF GEORGIA.

The evidence for the State, when considered with the conflicting state-ments .of the intervenor claiming ownership of the automobile, was suffi-cient to authorize a finding that the car had not been stolen from the intervenor, as alleged, but was being used by him at the time of the seizure, and that he must necessarily have been aware of its illegal use at that time for the transportation of liquor.

DECIDED OCTOBER .13, 1926.

Confiscation under liquor law; from city court of Polk county— Judge Tison. April 6, 1926.

*Smith, Hammond & Smith, Porter & Mebane,* for plaintiff in error.

*J. A. Wright, solicitor,* contra.

JENKINS, P. J. This was a proceeding for the condemnation of an automobile seized in Polk county about two and a half miles west of Cedartown, on what is known as the Esom Hill-Cedartown road, and which, at the time of its seizure, contained twenty-two gallons of whisky. At the time the car was seized the person or persons in charge of it had fled; and the proceeding was against the car in rem. The plaintiff in error, by intervention, claimed ownership of the car, and by his testimony showed that the car seized bore the same license number as a similar car which had been owned and possessed by him, and which he testified was stolen from his residence in Floyd county, about two and a half miles east of Lindale, and seven and a half miles from Rome, on the night of the seizure. He further testified that after leaving his car near his residence on the night of. the seizure he spent the entire re-mainder of the night at his home. On the trial of the interven-

Intoxicating Liquors, 33 C. J. p. 687, n. 78.

tion there was evidence for the State going to show that about 1:15 o'clock a. m. on the night of the seizure the intervenor called at the home of a witness who lived about five miles east of Cedartown and telephoned to Rome for a taxicab, stating over the telephone that his car had broken down "on the other side of Cedartown." This testimony as to the intervenor's presence in Polk county near where the car was seized and the admission over the telephone as to his previous whereabouts was denied by the intervenor. The judge, to whom the case was submitted without a jury, found against the intervenor, and sustained the condemnation proceeding, and the intervenor excepted.

> *Judgment affirmed. Stephens and Bell, JJ., concur.*